**09CI04645**

CASE NO._____

JEFFERSON CIRCUIT COURT
DIVISION_____
JUDGE_____

JEFFERSON CIRCUIT COURT
DIVISION TWELVE (12)

HAZEL COSBY                                                                                   PLAINTIFF

v.                                        **COMPLAINT**

AUTO VENTURE, INC. d/b/a AUTO SMART II                              **DEFENDANTS**

**SERVE:**
MICHAEL BERNARD
1515 Hepburn Ave # 5
Louisville, KY 40204

Petition and _____ Exhibits Not
Summons and _____ con ✓ Issue

MAY 8 – 2009 C/m

Attest: DAVID L. NICHOLSON, Clerk

\* \* \* \* \* \*

Comes the Plaintiff, Hazel Cosby, by counsel, and for her Complaint against the Defendant, Auto Venture, Inc. d/b/a Auto Smart, states as follows:

**PARTIES**

1. Plaintiff, Hazel Cosby ("***Ms. Hazel***"), is an individual and citizen of the Commonwealth of Kentucky, residing in Louisville, Jefferson County, Kentucky.

2. Defendant, Auto Venture, Inc. d/b/a Auto Smart ("***Auto Smart***"), is a corporation organized and existing under the laws of the Commonwealth of Kentucky. Auto Smart's principal office is located at 6626 Preston Highway, Louisville, Jefferson County, Kentucky 40219. At all pertinent times herein, Auto Smart was engaged in the business of buying, selling, and financing sales of used automobiles to members of the general public in the Commonwealth of Kentucky.

**JURISDICTION AND VENUE**

3. Jurisdiction lies with this Court pursuant to KRS 23A.010 and the damages herein claimed exceed the minimum amount necessary to establish same. In addition, venue is proper in



1

this Court pursuant to KRS 452.450 and KRS 367.220 as the Defendant resides in the Commonwealth of Kentucky.

## FACTS

4. On or about April 10, 2008, Plaintiff purchased a used[1] 2004 Chevrolet Impala, VIN 2G1WP521749292372 (the "*Impala*"), from Defendant for the total sales price of $15,226.76, executing a retail sales installment contract (the "*Contract*"). To finance said purchase, Auto Smart loaned Ms. Cosby $9,625.50 at a reported annual interest rate of 19.99%, to be repaid in bi-weekly installments of $205.00 commencing on May 23, 2008, with a final payment of $131.76 due on or about August 27, 2010 (the "*auto loan*"). To secure repayment of the auto loan, Ms. Cosby purportedly conveyed a security interest in the Impala to Auto Smart.

5. The sale of the Impala to Ms. Cosby was a "*consumer-goods transaction*", as said term is defined by KRS 355.9-102(1)(x).

6. In or about November, 2008, Ms. Cosby fell behind on payments on the auto loan.

7. On or about December 15, 2008, Ms. Cosby contacted Auto Smart to arrange payment of arrears due on the auto loan, and was told to deliver the Impala to the premises of Auto Smart. Ms. Cosby complied with Auto Smart's request, with the understanding that Auto Smart was to hold the Impala until Ms. Cosby bring the auto loan current.

8. On or about the first part of January, 2009, Ms. Cosby presented to the premises of Auto Smart with monies sufficient to pay all amounts due and owing on the auto loan, which tender of monies was refused by Auto Smart. To Ms. Cosby's unpleasant surprise, a representative of Auto Smart, Casey Bernard, advised Ms. Cosby that the Impala had already been sold at auction.

---

[1] At the time of sale, Auto Smart certified that the odometer read 155,771 miles.

9. At all pertinent times herein, Auto Smart failed to send to Ms. Cosby a reasonable authenticated notification of the disposition of the Impala as contemplated by KRS 355.9-611.

10. At all pertinent times herein, Auto Smart failed to send to Ms. Cosby a reasonable explanation of surplus or deficiency after the Impala was sold as contemplated by KRS 355.9-616.

## COUNT I: CONVERSION

11. Plaintiff reiterates and incorporates herein all prior allegations.

12. At all pertinent times herein, Ms. Cosby held legal title to the Impala.

13. On or about the first part of January, 2009, Ms. Cosby tendered to Auto Smart all monies due and owing on the auto loan, and demanded return of the Impala. Auto Smart refused tender, and advised Ms. Cosby that the Impala had already been sold.

14. In or around the first part of January, 2009, Auto Smart caused the Impala to be sold at auction to a third-party.

15. Auto Smart, by disposing of the Impala in violation of, and intending to interfere with, Ms. Cosby's rights, exercised dominion and control over the Impala for its own use and beneficial enjoyment, thereby denying Ms. Cosby the use and enjoyment of the Impala.

16. The aforementioned acts and/or omissions by Auto Smart has damaged Ms. Cosby, entitling her to damages, compensatory and punitive, against Auto Smart.

## COUNT II: VIOLATION OF KRS 355.9

17. Plaintiff reiterates and incorporates herein all prior allegations.

18. The aforementioned acts and/or omissions of Auto Smart constitute violations of KRS 355.9-611, 355.9-612, 355.9-613, and 355.9-614, in that Auto Smart did not send to Ms.

Cosby a reasonable authenticated notification of Auto Smart's planned disposition of the Impala.

19. The aforementioned acts and/or omissions of Auto Smart constitute violations of KRS 355.9-623, in that Auto Smart impaired Ms. Cosby's right to redeem the Impala.

20. The aforementioned acts and/or omissions of Auto Smart constitute violations of KRS 355.9-616, in that Auto Smart failed to send to Ms. Cosby a timely written explanation of the surplus or deficiency after its disposition of the Impala. Upon information and belief, Auto Smart's failure in this regard is part of a pattern, or consistent with a practice, of noncompliance, entitling Plaintiff to statutory damages.

21. As a direct and proximate result of Auto Smart's non-compliance with the herein-mentioned statutes of the Commonwealth of Kentucky, Ms. Cosby has been damaged, entitling her to an award of statutory damages, compensatory damages, and punitive damages against Auto Smart.

### COUNT III: VIOLATION OF KRS 367.170

22. Plaintiff reiterates and incorporates herein all prior allegations.

23. The acts and/or omissions of Auto Smart as alleged in this Complaint constitute unfair, false, misleading, and/or deceptive acts or practices, in violation of Kentucky's Consumer Protection Statute, KRS 367.170 et seq.

24. As a direct and proximate result of Auto Smart's non-compliance with the herein-mentioned statutes of the Commonwealth of Kentucky, Ms. Cosby has been damaged, entitling her to an award of statutory damages, compensatory damages, a reasonable attorney's fee, costs, and punitive damages against Auto Smart.

### COUNT IV: VIOLATION OF KRS 190.090

25. Plaintiff reiterates and incorporates herein all prior allegations.


Cosby a reasonable authenticated notification of Auto Smart's planned disposition of the Impala.

19. The aforementioned acts and/or omissions of Auto Smart constitute violations of KRS 355.9-623, in that Auto Smart impaired Ms. Cosby's right to redeem the Impala.

20. The aforementioned acts and/or omissions of Auto Smart constitute violations of KRS 355.9-616, in that Auto Smart failed to send to Ms. Cosby a timely written explanation of the surplus or deficiency after its disposition of the Impala. Upon information and belief, Auto Smart's failure in this regard is part of a pattern, or consistent with a practice, of noncompliance, entitling Plaintiff to statutory damages.

21. As a direct and proximate result of Auto Smart's non-compliance with the herein-mentioned statutes of the Commonwealth of Kentucky, Ms. Cosby has been damaged, entitling her to an award of statutory damages, compensatory damages, and punitive damages against Auto Smart.

### COUNT III: VIOLATION OF KRS 367.170

22. Plaintiff reiterates and incorporates herein all prior allegations.

23. The acts and/or omissions of Auto Smart as alleged in this Complaint constitute unfair, false, misleading, and/or deceptive acts or practices, in violation of Kentucky's Consumer Protection Statute, KRS 367.170 et seq.

24. As a direct and proximate result of Auto Smart's non-compliance with the herein-mentioned statutes of the Commonwealth of Kentucky, Ms. Cosby has been damaged, entitling her to an award of statutory damages, compensatory damages, a reasonable attorney's fee, costs, and punitive damages against Auto Smart.

### COUNT IV: VIOLATION OF KRS 190.090

25. Plaintiff reiterates and incorporates herein all prior allegations.

26.     Pursuant to the Contract, Auto Smart assessed Ms. Cosby a finance charge in excess of the limits imposed by KRS 190.110(1).

27.     Auto Smart failed to include in the Contract mandatory disclosures necessary to comply with KRS 190.100(2). Specifically, Auto Smart mis-computed and/or misrepresented in the Contract the finance charge, the annual percentage rate, the amount financed, and the total sale price. To wit, Auto Smart included as part of the principal balance an amount of $198.00, labeling said charge "Doc Prep Fee" and $149.00, labeling said charge "Service Charge".

28.     Auto Smart mis-calculated and/or misrepresented the amount of the down payment in the Contract, in that Auto Smart represented Ms. Cosby's down payment to be $3,000.00, which fact was untrue as the $3,000.00 sum included deferred payments totaling $1,000.00.

29.     As a direct and proximate result of Auto Smart's non-compliance with the herein-mentioned statutes of the Commonwealth of Kentucky, Ms. Cosby has been damaged, entitling her to an injunction against Auto Smart's collection of any finance charge arising from the Contract, and an award of compensatory damages to compensate Ms. Cosby for finance charges paid by Ms. Cosby and received by Auto Smart.

### COUNT V: VIOLATION OF TRUTH-IN-LENDING STATUTES

30.     In connection with Auto Smart's financed sale of the Impala to Ms. Cosby, Auto Smart failed to make certain required disclosures necessary to comply with the federal Truth-In-Lending Act, codified at 15 U.S.C.A. § 1601 et seq. To wit, Auto Smart failed to adequately disclose: the identity of the creditor; the correct and accurate calculation of the amount financed; the correct and accurate amount of the finance charge; the borrower's right to obtain an itemization of the amount financed; the correct and accurate sum of the amount financed and the

finance charge; the correct and accurate amount of the total sales price; a statement of whether or not a penalty will be imposed in the event of prepayment; and a statement that the consumer should refer to the appropriate contract documents for information about nonpayment, default, the right to accelerate the maturity of the debt, and prepayment rebates and penalties.

31. As a direct and proximate result of Auto Smart's non-compliance with the herein-mentioned statutes of the United States of America, Ms. Cosby has been damaged, entitling her an award of compensatory damages, statutory damages, attorney's fees, and costs.

## COUNT VI: BREACH OF CONTRACT

32. Plaintiff reiterates and incorporates herein all prior allegations.

33. On or about April 10, 2008, Ms. Cosby entered into the written Contract with Auto Smart for the purchase of the Impala and in exchange for the auto loan.

34. As implied by the terms of the Contract, Auto Smart owed Ms. Cosby the duty to act at all times in conformity with the standard of good faith and fair dealing.

35. Under the terms of the Contract, Auto Smart had no right to accelerate the debt owed on the auto loan.

36. Auto Smart, by disposing of the Impala in violation of, and intending to interfere with, Ms. Cosby's rights, acted unfairly and in bad faith, specifically, in that Auto Smart attempted to exercise a non-existent right to accelerate the debt, thereby breaching the express and implied terms of the Contract.

37. As a direct and proximate result of Auto Smart's breach of its obligations to Ms. Cosby as herein alleged, Ms. Cosby has been damaged, entitling her to an award of compensatory damages against Auto Smart.

WHEREFORE, Plaintiff demands as follows:

A.  Judgment against Defendant on all counts as appropriate, to compensate Ms. Cosby for her damages, statutory, compensatory, and punitive as is warranted, with interest thereon at the maximum rate for the maximum duration allowed by law;

B.  For a temporary and permanent injunction against Defendant in its attempt to collect any debt arising from the Contract;

C.  For trial by jury on all issues so triable;

D.  For recovery of costs herein expended;

E.  For a reasonable attorney's fee;

F.  For any and all other legal and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

BOROWITZ & GOLDSMITH, PLC

By: *[signature]*
DAVID B. MOUR
ZACHARY L. TAYLOR
401 West Main Street, Suite 1100
Louisville, Kentucky 40202
Phone: (502) 584-7371
Fax: (502) 584-7386
*Counsel for Plaintiff*