UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HAZEL COSBY                                                                                             PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:09-CV-763-S

AUTO VENTURE, INC.
d/b/a AUTO SMART II                                                            DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion of the Plaintiff, Hazel Cosby, to remand her lawsuit to state court for lack of subject matter jurisdiction. *See* 28 U.S.C.§1447(c). Cosby bases her motion to remand on the recent amendment of her complaint to remove the sole federal claim, her claim for alleged violation of the federal Truth-in-Lending Act (TILA) (DN 11). Defendant Auto Venture, Inc. d/b/a Auto Smart II (Auto Smart) has filed a response in opposition to Cosby's motion to remand (DN 16). In its response, Auto Smart argues that the Court should exercise its supplemental jurisdiction over the remaining state claims of Cosby's amended complaint pursuant to 28 U.S.C. §1367(c).

Upon consideration, the Magistrate Judge disagrees with Auto Smart that an appropriate exercise of discretion militates in favor of retaining supplemental jurisdiction. No unique issues or overly complex factual matters are involved in the present lawsuit, which in essence is a dispute arising from the repossession and resale of the Plaintiff's automobile by an auto dealership. The amount in dispute does not appear to the Court to be substantial, nor has the case been pending in the federal courts for a substantial length of time. The state courts are best situated to resolve the remaining state claims including the pending motion to compel arbitration.

**FINDINGS OF FACT**

On April 10, 2008, Hazel Cosby purchased a used 2004 Chevy Impala from Auto Smart pursuant to the terms of a retail sales installment contract. To finance her purchase, Cosby borrowed $9,625.50 from Auto Smart at an annual interest rate of 19.99 % to be repaid in bi-weekly installments of $205 until expiration of the payment period, on Aug. 27, 2010. As security for repayment of the loan, Auto Smart retained a security interest in the Impala. Subsequently, Cosby fell behind in her payments on the auto loan. She voluntarily delivered the automobile to Auto Smart in mid-December 2008. Cosby maintains that she delivered the automobile with the understanding that Auto Smart would retain possession until she cured the arrearage by making her loan payments current.

Cosby alleges that when she returned to the premises of Auto Smart in early January of 2009, with sufficient funds to pay all of the overdue loan payments, she was advised that Auto Smart had already sold her Impala at auction. Auto Smart insists that it complied with all federal and state regulations and that it provided Cosby with timely and legally sufficient notice of repossession and its intent to sell the vehicle prior to disposing of it at auction.

Cosby strongly disputes Auto Smart's claim that it provided her adequate notice. In May of 2009, Cosby filed suit against Auto Smart in the Jefferson County Circuit Court. Her state complaint alleged six causes of action. Five of the claims were state claims. Only one claim was a federal claim. Specifically, Cosby brought state law claims for conversion, violation of Kentucky's Uniform Commercial Code provisions relating to notice of repossession and resale, violation of the Kentucky Consumer Protection Act, KRS § 367, 170, violation of Kentucky's state law on financial disclosure for financing charges and annual percentage rates,

KRS § 190.100(2), and common law breach of contract.

In count 5 of her state complaint, Cosby alleged a separate, federal claim for violation of the Truth-in-Lending Act, 15 U.S.C. §1601, *et seq*. Cosby has now voluntarily dismissed this final claim leaving only her five state law claims. Accordingly, she asks pursuant to 28 U.S.C. §1447(c), that the District Court remand her suit to state court in view of the absence of a federal question or other basis for federal jurisdiction.

## CONCLUSIONS

The supplemental jurisdiction of a federal district court to consider state law claims is governed by 28 U.S.C. §1367. Subsection (a) of § 1367 provides that

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a) (2010).

The law in the Sixth Circuit is now well established that the doctrine of supplemental jurisdiction is a discretionary one rather than one of right. *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (quoting *Baer v. R&F Coal Co.*, 782 F.2d 600, 603 (6th Cir. 1986)). This discretion is expressly addressed in subsection (c) of §1367, which provides that the district court may decline to exercise its supplemental jurisdiction over remaining state claims, if such claims raise novel or complex questions of state law, substantially

3

predominate over the claim or claims within the original jurisdiction of the district court, the district court has dismissed all claims over which it has original jurisdiction, or there exists other compelling reasons to decline jurisdiction. 28 U.S.C. §1367(c)(1)-(4) (2010).

The U.S. Supreme Court in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) has held, in light of the above factors, that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity ... to decide whether to exercise jurisdiction over a case ... involving pendent state-law claims." *Id*. at 350. Ordinarily, the courts historically follow the general rule that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Novak v. Metrohealth Medical Center*, 503 F.3d 572, 583 (6th Cir. 2007) ("'When all federal claims are dismissed before trial, the balance of consideration will usually point to dismissing all state law claims, or remanding them to state court from which the case was removed.'") (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)); *Gaff v. Federal Deposit Ins. Corp.*, 84 F.2d 311, 319 (6th cir. 1987).

Here, the Magistrate Judge believes that the interests of the federal courts and those of the parties are best served by the Court declining to retain its supplemental jurisdiction over the pendent state law claims of the Plaintiff. All of the Plaintiff's remaining state claims center upon the repossession and resale of the Plaintiff's automobile by the Defendant. These state law claims have not pended long in the federal courts. Cosby's suit was not removed from state court until September 22, 2009. It has not been submitted to the district court for resolution on motion for summary judgment. No substantial discovery has been taken, to the Court's

4

knowledge.

Further, Auto Smart's motion to compel mandatory arbitration pursuant to the terms of the arbitration agreement executed by Cosby and Auto smart's representative, Pamela Haines (DN 12), is a contract that must be construed in accordance with the state law of Kentucky where it was finalized. *See, Seawright v. American Gen. Finan. Services*, 507 F.3d 967, 972 (6th Cir. 2009). The courts of Kentucky are well situated to make such a construction of Kentucky law. The Magistrate Judge shall therefore recommend that Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447 be granted. *See, Widgren v. Maple Grove Tp.*, 429 F.3d 575, 586 (6th Cir. 2005) (citing *Musson Theatrical*, 89 F.3d at 1254-55); *Mays v. Buckeye Rural Elec.*, 277 F.3d 873, 881-82 (6th Cir. 2002); *Weeks v. Portage County Exec. Offices*, 235 F.3d 275, 279-80 (6th Cir. 2000).

## RECOMMENDATION

For the reasons set forth above, the Magistrate Judge recommends that Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447 be **GRANTED**.

April 6, 2010

**Dave Whalin, Magistrate Judge**
**United States District Court**

### NO\TICE

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd.*, 474 U.S. 140 (1985). 28 U.S.C. § 636(b)(1)(c); Fed.R.Civ.P. 72(b).

Copies to Counsel of Record